May Term,
1851.

BRAKE
v.
THE BOARD OF
COMMISSION-
ERS OF VIGO
COUNTY.

(1) See *ante*, p. 582.
(2) See 1 Carter's Ind. R. 58.

---

BRAKE *v.* THE BOARD OF COMMISSIONERS OF VIGO COUNTY.

The plaintiff petitioned the commissioners of *Vigo* county in 1838, to appoint three persons to assess the damages which he had sustained by the draining of *Lost* creek in said county. The persons so appointed reported to the board that they assessed the damages at 250 dollars. The board, the same year, set aside said report without ordering a new examination. In 1845, the plaintiff applied to the board to appoint persons to make an examination, &c., which the board refused. *Held*, that application for the second assessment was made too late.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was a petition filed in the *Vigo* Circuit Court, at the *May* term, 1846.

The petition states, that, in 1838, the board of commissioners of said county appointed three persons to assess the damages which the petitioner had sustained by the draining of *Lost* creek in said county; that the per-

sons so appointed made their report to said board, stating that they had assessed the petitioner's damages at 250 dollars; that said board, in 1838, set aside said report, without ordering a new examination of the petitioner's damages; that at the *June* term, 1845, of said board, the petitioner applied to the board to appoint proper persons to make a further examination and assessment of the damages sustained by him as aforesaid, but that the board refused to make such appointment.

The petition prayed for an alternative *mandamus*, directed to the said board of commissioners, requiring the board to order a new examination of the damages which the petitioner had sustained by the said draining of said creek.

The *mandamus* thus prayed for was ordered by the Circuit Court to issue, and was made returnable to the then next term.

At the *May* term, 1846, (the matters alleged in the petition being admitted to be true,) the petitioner moved for a peremptory *mandamus*, in the case, to issue; but the motion was overruled.

We need not stop to inquire, in this case, whether, had the board of commissioners erred in refusing to appoint persons to make the new assessment moved for, a *mandamus* would have been the proper remedy; because we think that there was no error in the refusal.

The report of the persons appointed to assess the damages was set aside in 1838; and the motion to have another assessment was not made till 1845. The application for the second assessment, not having been made until the lapse of about seven years from the setting aside of the report, was made too late; and the board, in refusing such application, decided correctly.

It follows that there can be no error in the overruling of the motion for a peremptory *mandamus*. See Local Acts of 1838, p. 288.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the plaintiff.

*S. B. Gookins*, for the defendants.